UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 07-344-GWU


LORETTA HOLLAND,                                               PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


**INTRODUCTION**

Loretta Holland brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity?
       If yes, the claimant is not disabled.  If no, proceed to Step 2.
       See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical
       or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
       claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any
       impairment(s) significantly limiting the claimant's physical or
       mental ability to do basic work activities?  If yes, proceed to
       Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
       404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-344  Loretta Holland

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-344  Loretta Holland

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Holland, a 44-year-old[1] former certified nurse's assistant with a high school education, suffered from impairments related to back pain secondary to chronic lumbar strain and degenerative disc disease. (Tr. 17, 27). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24, 27). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 27-28). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 28).

---

[1]The ALJ indicated that the plaintiff was 38 years old at the time she filed her SSI application. (Tr. 27). However, she filed the application on April 29, 2005. (Tr. 56). Based on the birth date given in the record (Tr. 27), the claimant would have been 42 years old on the filing date and 44 when the ALJ issued his denial decision.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Carroll Tarvin included an exertional limitation to light level work reduced from a full range by such non-exertional restrictions as an inability to ever climb ladders, ropes or scaffolds and an inability to more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl.  (Tr. 525).  In response, the witness identified a significant number of jobs which could still be performed.  (Tr. 526).  Therefore, assuming that the vocational factors considered by Tarvin fairly characterized Holland's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Holland's physical condition.  Dr. Robert Goodman examined the plaintiff in October of 2001.  Dr. Goodman's physical examination revealed no motor, reflex or atrophy changes.  (Tr. 357).  Straight leg raising was negative in the lower extremities.  (Id.).  The dorso-lumbar spine was somewhat tender but spasm was not detected.  (Id.).  A 2001 myelogram and CT Scan were reportedly normal.  (Tr. 358).  Dr. Goodman diagnosed lumbar spine changes.  (Id.).  The only physical restriction was a limitation to lifting no more than 35 pounds.  (Id.).  The hypothetical factors were compatible with this opinion.

8

07-344  Loretta Holland

Dr. Mark Burns examined Holland in July of 2005 and noted no sign of tenderness, scoliosis or spasm upon examination of the back.  (Tr. 130).  Muscle bulk and tone were normal in the extremities.  (Id.).  Motor strength was normal in the upper and lower extremities.  (Id.).  Range of motion testing was normal in the upper and lower extremities.  (Id.).  The doctor noted that physical and orthopedic examinations were normal.  (Tr. 131).  Dr. Burns opined that the claimant would have no restriction with regard to performing sitting, standing, moving about, lifting, and traveling.  (Id.).  The extensive physical restrictions of the hypothetical question were consistent with this opinion.

Dr. James Ramsey reviewed the record in October of 2005.  Dr. Ramsey opined that it did not reveal the existence of a "severe" physical impairment.  (Tr. 297).  This opinion also provides further support for the administrative decision.

Holland was examined by Dr. Gregory Gleis in August of 2006 as part of a claim for Worker's Compensation benefits.  Physical examination revealed that her sitting and standing postures were normal.  (Tr. 407).  The lumbar spine had a normal lordosis with no scars.  (Id.).  Muscle spasm was not detected.  (Id.).  Dr. Gleis extensively reviewed the plaintiff's medical records.  (Tr. 409-424).  An August, 2005 MRI Scan of the lumbar spine was reviewed and found to reveal no significant change since a December, 2000 study and a May, 2001 myelogram.  (Tr. 426).  The doctor noted that Dr. Bean, a treating physician, had released the plaintiff

9

to return to a full range of light level work in April of 2001.  (Tr. 403).  While Dr. Gleis did not identify specific functional restrictions, he did opine that the claimant's condition had not deteriorated since a February, 2002 Worker's Compensation determination.  (Tr. 426).  Therefore, this opinion provides additional support for the administrative decision.

Dr. Richard Lingreen, a treating physician, identified a number of very severe physical restrictions on a February, 2006 Medical Assessment of Ability to do Work-Related Activities Form.  (Tr. 397-399).  In particular, Dr. Lingreen reported the existence of very severe restrictions on sitting and standing, with Holland required to change position every 15 minutes.  (Tr. 398).  The vocational expert testified that these limitations would preclude employment.  (Tr. 525).  The plaintiff argues that the ALJ erred in failing to give this opinion controlling weight.

The ALJ rejected Dr. Lingreen's opinion as binding despite his treating physician status.  (Tr. 26-27).  Among the reasons cited were the opinions of other medical sources such as Dr. Bean and Dr. Goodman as well as the lack of objective medical data from Dr. Lingreen's office notes which support such extreme restrictions.  (Tr. 27).  Dr. Bean was himself a treating source who thought that Holland could perform a full range of light level work.  While Dr. Lingreen cited the August, 2005 MRI Scan in support of his restrictions, Dr. Gleis did not believe that it revealed any significant changes over that of the earlier MRI Scan and

07-344  Loretta Holland

myelogram.  (Tr. 426).  Dr. Burns opined that the plaintiff's physical and orthopedic examinations had been normal.  (Tr. 131).  Dr. Lingreen's office notes record complaints of pain, but reveal few objective findings.  (e.g., Tr. 162-165).  Therefore, under these circumstances, the court finds no error.

Dr. P.D. Patel examined Holland and restricted her to less than a full range of light level work.  (Tr. 304-305).  Dr. Robert Hoskins opined that she was 100 percent impaired in lifting.  (Tr. 361).  As one-time examiners, the opinions of Dr. Patel and Dr. Hoskins were offset by those of the aforementioned examining sources.

The ALJ concluded that Holland's alleged problems with depression and anxiety did not constitute a "severe" impairment.  The plaintiff sought treatment for her mental problems at the Kentucky River Comprehensive Care Center (Tr. 249-274).  While a major depression was diagnosed, her Global Assessment of Functioning (GAF) was rated at 80.  (Tr. 266).  Such a GAF suggests the existence of only "slight" and transient psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  Psychologist Douglas Ruth examined the claimant and found no permanent psychiatric impairment and opined that she did not require any psychiatric work restrictions.  (Tr. 430).  Psychologists Ann Demaree (Tr. 136) and Ed Ross (Tr. 282), the non-examining medical reviewers, each opined that Holland's

11

mental problems did not constitute a "severe" impairment.  These reports provide substantial evidence to support the administrative decision.

Psychologist William Rigby examined Holland and diagnosed dysthymia. (Tr. 123).  Rigby opined that the plaintiff would have a "fair" limitation of ability to tolerate stress and to relate to others.  (Tr. 124).  Dr. Patel identified a number of very severe mental limitations following his examination.  (Tr. 307-308).  These opinions are offset by the aforementioned medical evidence.  Furthermore, the claimant has not argued that the ALJ erred in evaluating the evidence of record relating to her mental condition.

Holland argues that the ALJ erred by failing to provide a specific rationale to support his finding that her testimony was not fully credible.  However, the ALJ cited a number of reasons for this determination.  He noted the lack of physical findings from such physicians as Dr. Gleis, Dr. Bean, Dr. Goodman and Dr. Burns.  (Tr. 26). The ALJ cited the claimant's extensive activities including shopping, attending church, playing with her grandchildren, attending sporting events and school functions, visiting relatives, sewing, crocheting, working puzzles and performing household chores.  (Id.).  Therefore, the undersigned finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment

07-344  Loretta Holland

motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of July, 2008.


**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**


13